CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 4 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOROTHY L. VAZZANA, | Civil Action No. 7:12CV00497 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| CITIMORTGAGE, INC., | Chief United States District Judge |
| Defendant. | |

This case is presently before the court on a motion to dismiss filed by CitiMortgage, Inc. ("CitiMortgage") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "defendants"). For the reasons set forth below, the motion will be granted in part and denied in part.

## Background

On August 22, 2005, Dorothy L. Vazzana obtained a home mortgage loan from ABN Amro Mortgage Group, Inc. ("ABN") for property located at 170 Ditto Branch Lane, Penhook, Virginia. The loan was evidenced by a note and secured by a deed of trust. The note was later assigned to CitiMortgage, the current note holder.

At some point, Vazzana fell behind on her mortgage payments. On April 9, 2010, CitiMortgage sent her a pre-acceleration warning notice. The notice advised Vazzana that her mortgage was in default, and that she was required to pay $5,194.00 in order to bring her loan current. The notice warned that failure to pay the total amount due and owing within 30 days may result in acceleration of the loan and a subsequent foreclosure sale of the property.

After Vazzana failed to pay the sum demanded in the pre-acceleration notice, CitiMortgage appointed Wittstadt Title & Escrow Company, LLC ("Wittstadt") as substitute trustee for the purpose of initiating foreclosure proceedings. On July 29, 2010, Wittstadt notified Vazzana, on behalf of CitiMortgage, that the original note could not be produced, and that, in fourteen days, CitiMortgage would be making a request that the substitute trustee sell the property pursuant to the terms of the deed of trust.

On September 14, 2010, the property was sold at a foreclosure sale to Freddie Mac. Freddie Mac subsequently pursued an unlawful detainer action against Vazzana in the General District Court of Franklin County. Freddie Mac obtained a judgment in its favor and Vazzana was evicted from the property.

On August 27, 2012, Vazzana filed the instant action in the Circuit Court of Franklin County. CitiMortgage and Freddie Mac removed the case to this court, and then moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court held a hearing on the defendants' motion on March 12, 2013. Following the hearing, the court entered an order taking the motion under advisement pending the filing of an amended complaint.

Vazzana filed her amended complaint on March 26, 2013. In Count One of the amended complaint, Vazzana alleges that CitiMortgage breached the note and the deed of trust by providing a deficient pre-acceleration notice. In Count Two, Vazzana alleges that CitiMortgage breached the deed of trust by providing a deficient lost note letter and affidavit. In Count Three, Vazzana asserts a claim for breach of the implied covenant of good faith and fair dealing. In Count Four, Vazzana asserts a claim for declaratory judgment. She seeks compensatory damages and an order quieting title to the property in her favor.

Following the filing of the amended complaint, the defendants filed a supplemental brief in support of their motion to dismiss. The motion has been fully briefed and is ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To withstand a motion to dismiss filed pursuant to this rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In considering a Rule 12(b)(6) motion, the court may properly consider exhibits attached to the complaint in addition to the complaint itself. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

## Discussion

### I. Count One: Breach of the Note and Deed of Trust

In Count One, Vazzana claims that CitiMortgage breached the note and the deed of trust by providing a deficient pre-acceleration notice. Under Virginia law, the essential elements of a cause of action for breach of contract are as follows: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

Having reviewed the allegations in the amended complaint, the court concludes that Count One asserts a plausible claim for breach of contract. See Iqbal, 556 U.S. at 678. It is undisputed that Vazzana was contractually entitled to notice before the loan was accelerated. (Note at ¶ 6(C);

Deed of Trust at ¶ 22.) Vazzana has sufficiently alleged that CitiMortgage breached the notice provisions of the note and the deed of trust by overstating the amount in arrears. Whereas the pre-acceleration notice listed the total amount due and owing as $5,194.00, Vazzana claims that "she was, in fact, only $2,537.74 in arrears." (Am. Compl. at ¶ 14.)

Vazzana has also sufficiently pled that she was harmed by the alleged breach. Vazzana claims that if the notice had accurately stated the amount in arrears, she "would have been able to pay such amount" and, thus, avoided acceleration and foreclosure. (Id. at 15.) Specifically, Vazzana alleges that if CitiMortgage "had credibly threatened [her] with acceleration and foreclosure unless she paid $2,537.74 within 30 days, Vazzana could have raised $2,537.74 to pay CitiMortgage within such 30 days by a combination of her then available funds and borrowing funds from family." (Id.) Vazzana further alleges that she "did not attempt to raise the much higher amount of $5,194.00 . . . because she knew that she was being threatened with foreclosure based on a grossly inflated statement of what was in arrears; and . . . because she did not believe she had the ability to raise $5,194.00 to pay CitiMortgage within 30 days." (Id.) Assuming the truth of Vazzana's allegations, the court concludes that Count One states a plausible claim for breach of the note and deed of trust.[1] Accordingly, the defendants' motion to dismiss this count will be denied.

---

[1] In their supplemental reply brief, the defendants urge the court to reject Vazzana's allegations regarding her ability to pay on the basis that they are directly contradicted by an April 26, 2010 letter to CitiMortgage, which was attached as an exhibit to the amended complaint. Upon review of the letter and the allegations in the amended complaint, the court is unpersuaded by the defendants' argument. While courts are not required to accept "conclusory allegations in the complaint that are contradicted by the attachments," Jeffrey M. Brown Assoc., Inc. v. Rockville Town Ctr., Inc., 7 F. App'x 197, 202 (4th Cir. 2001), Vazzana's allegations regarding her ability to pay are not bare or conclusory. Moreover, the letter does not wholly contradict her allegations, or otherwise "clearly establish[ ] that she could not have reinstated the loan within 30 days." (Defs.' Supp. Reply Br. at 2.) While the letter indicated that Vazzana had obtained employment and that she anticipated being able to earn enough money from her new job to pay the remaining loan balance in six months, Vazzana did not suggest that she had no other sources of funds, or that it would be impossible for her to pay the amount in arrears in a more timely fashion.

## II. Count Two: Breach of the Deed of Trust

In Count Two of the amended complaint, Vazzana alleges that CitiMortgage breached paragraph 22 of the deed of trust by foreclosing on the property without complying with § 55-59.1(B) of the Code of Virginia. Paragraph 22 provides that if a default is not cured by the date specified in the pre-acceleration notice, the lender "may invoke the power of sale and any other remedies permitted by Applicable Law." (Deed of Trust at ¶ 22.) The term "Applicable Law" includes relevant Virginia statutes.

The Virginia statute cited by Vazzana provides in pertinent part as follows:

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee . . . . If the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale.

Va. Code § 55-59.1(B).

Vazzana claims that CitiMortgage breached paragraph 22 of the deed of trust by instituting foreclosure proceedings without sending her a lost note letter that complied with § 55-59.1(B). Vazzana contends that the lost note letter sent to her on July 29, 2010 was invalid, because it did not specifically identify Wittstadt as the substitute trustee. Having reviewed the letter and the statute, however, the court agrees with the defendants that the letter contains no actionable irregularity. Section § 55-59.1(B) requires that the lost note letter "include the name and mailing address of the trustee" responsible for instituting foreclosure proceedings. In accordance with this requirement, the lost note letter included the contact information for Wittstadt, the substitute

5

trustee appointed for the purpose of conducting the foreclosure sale. While the letter does not specifically refer to Wittstadt as the substitute trustee, the court is convinced that the letter complies with the statute.

In any event, § 55-59.1 further provides, "in straightforward and unequivocal language, that '[f]ailure to comply with the requirements of notice contained in this section shall not affect the validity of the sale . . . .'" Principal Residential Mortg. v. O'Neal, 55 Va. Cir. 250, 251 (Va. Cir. Ct. 2001) (quoting Va. Code § 55-59.1(C)). Thus, even if the lost note letter was deficient, it would not render the sale invalid under the applicable law. Accordingly, Vazzana's allegations regarding the lost note letter fail to state a claim upon which relief may be granted.

Vazzana also claims that CitiMortgage instituted foreclosure proceedings without providing a lost note affidavit as required by § 55-59.1. (Am. Compl. ¶ 53.) As set forth above, § 55-59.1 provides that if a note is lost or otherwise unavailable, the trustee may nonetheless proceed to sale if "the beneficiary submits to the <u>trustee</u> an affidavit to that effect." Va. Code § 55-59.1(B) (emphasis added). The statute "contains no requirement that the lost note affidavit that must be given to the trustee also be given to Plaintiff." Van v. BAC Home Loan Servicing LP, No. 4:10cv73, 2010 U.S. Dist. LEXIS 145216, at *10 (E.D. Va. Sept. 23, 2010). While Vazzana asserts, in a conclusory fashion, that CitiMortgage failed to provide a "proper lost note affidavit" to the trustee, her amended complaint contains no allegations that support this claim. Because "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to withstand a motion to dismiss, the court will grant the defendants' motion with respect to this count. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

### III. <u>Count Three: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

In her third count, Vazzana claims that CitiMortgage breached the implied covenant of

good faith and fair dealing contained in the note and the deed of trust. For the following reasons, the court concludes that this claim is also subject to dismissal.

The United States Court of Appeals for the Fourth Circuit has held that contracts governed by Virginia law contain an implied covenant of good faith and fair dealing. See Wolf v. Fed. Nat. Morg. Ass'n, No. 11-2419, 2013 U.S. App. LEXIS 4300, at *20 (4th Cir. Feb. 28, 2013) (citing Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 450 (E.D. Va. 2009)); Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 541-42 (4th Cir. 1988). However, "no implied duty arises with respect to activity governed by express contractual terms." Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (citing Ward's Equip., Inc. v. New Holland N. Am., 493 S.E.2d 516, 520 (Va. 1997)). Thus, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." Ward's Equip., Inc., 493 S.E.2d at 520. As explained by the Fourth Circuit, "although the duty of good faith does not prevent a party from exercising its explicit contractual rights, a party may not exercise contractual discretion in bad faith, even when such discretion is vested solely in that party." Va. Vermiculite, Ltd., 156 F.3d at 542.

In this case, Vazzana relies on the same allegations underlying her claims for breach of contract in the previous counts to support her claim for breach of the implied covenant of good faith and fair dealing. See Am. Compl. at ¶ 66 ("Vazzana re-avers the facts set forth in Count One and Count Two . . . ."). As set forth above, those allegations pertain solely to CitiMortgage's exercise of its contractual right to accelerate payment and foreclose on the property after Vazzana defaulted on her mortgage. Because a party does not breach the implied duty of good faith and fair dealing when it exercises express rights under a contract, and since the amended complaint includes no allegations which plausibly suggest that CitiMortgage "exercise[d] contractual

7

discretion in bad faith," her independent claim for breach of the implied covenant of good faith and fair dealing must be dismissed. Va. Vermiculte, Ltd., 156 F.3d at 542; see also Rehbein v. CitiMortgage, Inc., No. 2:13CV65, 2013 U.S. Dist. LEXIS 49104, at *21 (E.D. Va. Apr. 4, 2013); Bennett v. Bank of Am., N.A., 3:12CV34, 2012 U.S. Dist. LEXIS 54725, at *30 (E.D. Va. Apr. 18, 2012).

### IV. Count IV: Declaratory Judgment

In Count IV, Vazzana seeks a declaratory judgment stating that she is not responsible for foreclosure-related costs incurred by CitiMortgage. She contends that CitiMortgage was not entitled to add such costs to her remaining loan obligations, "[b]ecause the purported foreclosure was void . . . ." (Am. Compl. at ¶ 76.)

The court agrees with the defendants that Vazzana has not sufficiently stated a claim for a declaratory judgment. "[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." Tapia v. United States Bank, N.A., 718 F. Supp. 2d 689, 695 (E.D. Va. 2010). "Such relief is unavailable where . . . claims and rights asserted have fully matured, and the alleged wrongs have already been suffered." Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 719 (W.D. Va. 2011) (internal citation and quotation marks omitted).

In this case, the foreclosure sale was conducted nearly three years ago in September of 2010. Because the alleged wrong or questionable conduct has already occurred, the court agrees with the defendants that declaratory relief is inappropriate and that Count IV must be dismissed. See Bagley v. Wells Fargo Bank, N.A., No. 3:12-CV-617, 2013 U.S. Dist. LEXIS 11880, at *22 (E.D. Va. Jan. 29, 2013) (dismissing an identical claim for declaratory relief); Estrella v. Wells

8

Fargo Bank, N.A., No. 2:11cv414, 2011 U.S. Dist. LEXIS 148778, at *17-18 (E.D. Va. Dec. 28, 2011) (same).

V. **Plaintiff's Quiet Title Claim**

In Counts I, II, and III of the amended complaint, Vazzana claims that she is entitled to an order quieting title to the property in her favor. In Virginia, "an action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." Maine v. Adams, 672 S.E.2d 862, 866 (Va. 2009). A plaintiff asserting a quiet title claim must prove that she has rights superior to others asserting an interest in the property. Gallant, 766 F. Supp. 2d at 719; Tapia, 718 F. Supp. 2d at 700. Accordingly, federal courts in Virginia have routinely dismissed quiet title claims in similar cases, where plaintiffs failed to allege that they had satisfied their obligations under the note and deed of trust. See, e.g., Tapia, 718 F. Supp. 2d at 700; Mabutol v. Fed. Home Loan Mortg. Corp., No. 2:12cv406, 2013 U.S. Dist. LEXIS 42685, at *13 (E.D. Va. Mar. 25, 2013); Townsend v. Fannie Mae, No. 3:12-cv-00045, 2013 U.S. Dist. LEXIS 18588, at *35 (W.D. Va. Feb. 12, 2013); Blick v. Wells Fargo Bank, N.A., No. 3:11-cv-00081, 2012 U.S. Dist. LEXIS 41266, at *14 (W.D. Va. Mar. 27, 2012).

In this case, the facts pled in Vazzana's amended complaint do not plausibly suggest that she has superior title to the property at issue. It is undisputed that Vazzana defaulted on her mortgage, and she does not allege that she has satisfied her loan obligations or that the underlying debt has been paid, forgiven, or cancelled. Consequently, to the extent Vazzana attempts to bring a quiet title claim independent of her other claims, the court concludes that such claim must be dismissed.

## Conclusion

For the reasons stated, the defendants' motion to dismiss will be granted in part and denied in part. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 4th day of June, 2013.

*/s/ Glen Conrad*
Chief United States District Judge